IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR405 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL E. DAVIS, | ) | <u>OPPOSITION TO DEFENDANT</u> |
| | ) | <u>MICHAEL E. DAVIS' MOTION FOR</u> |
| Defendant. | ) | <u>BOND HEARING</u> |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, Teresa Riley, Assistant United States Attorney, and hereby respectfully files this Opposition to Defendant's Motion for Bond Hearing.

Defendant was originally arrested on Criminal Complaint for Possession with Intent to Distribute and Conspiracy to Possess with Intent to Distribute over 500 grams of crystal methamphetamine. Defendant waived the detention hearing at the time of the initial appearance. Defendant was indicted by a Federal Grand Jury on October 12, 2017, charged in Count 1 with Conspiracy to Possess with Intent to Distribute over 500 grams of crystal methamphetamine, Count 2 with Possession with Intent to Distribute over 500 grams of crystal methamphetamine and Count 4 with Felon in Possession of a Firearm.

Based on Defendant's Motion, he is requesting release due to a family hardship rather than a change in circumstance. Such a request would require there to be a change in Defendant's

circumstance having a material bearing on the issue of his release. Although the situation of Defendant's alleged girlfriend is unfortunate, it does not alleviate the danger to the community that exists if Defendant were released on bond.

First, it should be noted that Defendant has provided no documentation to support the claim, which could be submitted under seal with the Court's permission. Second, Defendant is charged with a violation of the Controlled Substances Act which is punishable by more than 10 years in prison, which brings a presumption of detention. It is alleged in this case that Defendant was operating a multi-kilogram drug trafficking ring from his home. To release him back to that home would further his ability to continue this criminal behavior even if some type of house arrest or location monitoring were imposed.

Additionally, Defendant is charged with possessing a loaded firearm in his home. The Sixth Circuit and other circuits have upheld the pretrial detention of criminal defendants on dangerousness grounds based in part on weapons found in the defendants' homes. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (affirming a pretrial detention order based on the danger the defendant posed in part because of a "large cache of firearms and ammunition" found in searches of the defendant's home and storage facility); *United States v. Abboud*, 42 Fed. Appx. 784 (6th Cir. 2002) (emphasizing that "[a] search of the defendant's home and business revealed guns, one of which was loaded," when affirming the district court's pretrial detention order); *United States v. Ramsey,* 110 F.3d 65 (table), 1997 WL 135443, at *1 (6th Cir. Mar. 24 1997) (holding that the district court did not err in ordering the defendant's detention pending trial in part because he "had access to firearms"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985) (the defendant posed a threat to the community, warranting pretrial detention, in part

because federal law enforcement agents found three dangerous weapons—"a forty-five caliber handgun, a three-fifty-seven magnum and a two-shot derringer"—at his home).

When Defendant initially was arrested and Pretrial Services interviewed him, he stated that he lived with his sister. He was arrested at a residence that he lived at with co-defendant James Sanders which was not the address Defendant provided to Pretrial Services. Defendant was not living with his then pregnant girlfriend and didn't report providing her any type of support or residence.

Finally, a review of Defendant's criminal history reflects that he has a terrible record of compliance when being supervised by the Court. In his prior Federal drug case, 5:06CR238, Defendant violated Supervised Release six times over a one year time frame.

Defendant has not had a change in circumstance that would have a material bearing on the issue of his release. Additionally, Defendant poses a severe danger to the community if released and has a long history of failing to comply with supervision. For these reasons, the government respectfully requests that Defendant's Motion for a Bond Hearing be denied.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By: /s/ Teresa Riley
    Teresa Riley (OH: 0075719)
    Assistant United States Attorney
    Federal Building
    2 South Main Street, Room 208
    Akron, OH 44308
    (330) 761-0519
    (330) 375-5492 (facsimile)
    Teresa.Riley@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on this 21st day of March 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        /s/ Teresa Riley
        Teresa Riley
        Assistant U.S. Attorney