UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. DAVIS, ) | CASE NO.    5:17CR 405 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Respondent. ) | |

This matter comes before the Court upon Petitioner, Michael E. Davis' ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #233.) The Government filed a Response in Opposition to Petititioner's Motion. (ECF #241). Mr. Davis has not filed a Reply.

I.

Mr. Davis pled guilty to Count One of the Superceding Indictment, charging possession with intent to distribute methamphetamine, pursuant to a written plea agreement. He admitted that his offense involved between 5 and 15 kilograms of methamphetamine. His guideline range was 108-135 months, and he was sentenced to 125 months in prison. Had he gone to trial and been convicted he would have been subject to a mandatory minimum sentence of 20 years due to

his prior conviction for a felony drug offense. Under the terms of the plea agreement the Government dismissed two other Counts of the Superceding Indictment. Mr. Davis appealed the judgment, and the Sixth Circuit dismissed his appeal because he had waived his right to appeal as part of his plea agreement.[1] (ECF #211). He now seeks to vacate his sentence on the grounds of ineffective assistance of counsel.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

---

[1] The appellate waiver contained certain exceptions which were not at issue in his appeal.

### III.

Petitioner alleges ineffective assistance of counsel on two grounds: (1) counsel's failure to file pre-trial motions, specifically a Motion to Suppress; and, (2) failure to object to allegedly erroneous information in the Pre-Sentence Report ("PSR"). The Petitioner's claims for ineffective assistance of counsel are unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

The Government correctly argues that the Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel. Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the law is clear that such a basis is "patently insufficient" to support a petition for *habeus corpus*. *See, e.g., Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995). He does not provide any grounds upon which a motion to suppress could legitimately have been made, nor does he identify any specific errors contained within the PSR. The failure to file unsupported motions does not constitute ineffective assistance of counsel. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

Further the Petitioner has not provided any evidence that would show he was prejudiced

3

by any acts or alleged failures of his attorney. Petitioner's attorney had a duty to advise him based on the evidence the government had against him, and to inform him of the potential sentence he would face if a plea were not entered. Nothing in the record suggests that he failed to do so. There is no indication that any errors or misjudgments that Petitioner assigns to his attorney, even if true, would have had any effect on the entrance of his guilty plea or the outcome of his sentence. In fact, it is very possible that counsel's advice and assistance saved Mr. Davis from a mandatory minimum twenty year sentence.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
>
> In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #233) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 27, 2021